UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


REBA HENDRICKSON,

                Plaintiff,                                Hon. Ellen S.  Carmody

v.

                                              Case No. 1:14-cv-755

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.

_____/

## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  On October 3, 2014, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment.  (Dkt. #9).

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive.  The Commissioner has found that Plaintiff is not disabled within the meaning of the Act.  For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence.  Accordingly, the Commissioner's decision is **affirmed**.

1

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords

to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.


## PROCEDURAL POSTURE

Plaintiff was 48 years of age on her alleged disability onset date.  (Tr. 143).  She successfully completed high school, but has no past relevant work.  (Tr. 23).  Plaintiff applied for benefits on April 14, 2011, alleging that she had been disabled since October 1, 2010, due to carpal tunnel syndrome, tendonitis, back pain, mental illness, fibromyalgia, chronic sinus infections, rheumatoid arthritis, torn rotator cuff, torn thumb ligaments, and high cholesterol. (Tr. 143-55, 204).  Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ).  (Tr. 72-142).  On January 23, 2013, Plaintiff appeared before ALJ Nicholas Ohanesian with testimony offered by Plaintiff and a vocational expert.  (Tr. 29-63).  In a written decision dated March 1, 2013, the ALJ determined that Plaintiff was not disabled. (Tr. 15-24).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.  (Tr. 1-5).  Plaintiff initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on September 30, 2012. (Tr. 17).  Accordingly, to be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that she became disabled prior to the expiration of her insured status.  *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

3

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.  *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.  While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.

----

[1] 1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2.  An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4.  If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5.   If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) left shoulder osteoarthritis and impingement status-post arthroscopic rotator cuff repair; (2) plantar fasciitis; (3) bilateral carpal tunnel syndrome; (4) hyperlipidemia; (5) rheumatoid arthritis; (6) depression; and (7) anxiety, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.  (Tr. 17-19).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform light work subject to the following limitations: (1) she can lift/carry up to 20 pounds occasionally and 10 pounds frequently; (2) during an 8-hour work day with normal breaks she can sit for 6 hours and stand/walk for 6 hours; (3) she can only frequently push/pull with her left upper extremity; (4) she can frequently climb ramps or stairs, but can never climb ladders, ropes, or scaffolds; (5) she can frequently balance, stoop, kneel, and crouch; (6) she can occasionally crawl; (7) she can reach frequently;, but can only occasionally reach overhead with her left upper extremity; (8) she is limited to jobs consisting of simple, routine, and repetitive tasks; and (9) she is limited to working in groups of less than 10 employees.  (Tr. 19).

The ALJ noted that Plaintiff has no past relevant work, at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964.  While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden.  *O'Banner v. Sec'y of Health*

5

*and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, her limitations notwithstanding.

The vocational expert testified that there existed approximately 40,000 jobs in the state of Michigan which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (Tr. 57-60). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

I.          **Plaintiff's Residual Functional Capacity**

A claimant's residual functional capacity (RFC) represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996); *see also*, *Payne v. Commissioner of Social Security*, 402 Fed. Appx. 109, 116 (6th Cir., Nov. 18, 2010). As noted above, the ALJ concluded that Plaintiff retained the ability to perform a limited range of light work. Plaintiff argues that she is entitled to relief because the ALJ's RFC determination is not supported by substantial evidence. Specifically, Plaintiff asserts that an accurate assessment of her residual functional capacity would have precluded a finding that she retained the ability to stand/walk for six

hours during the workday or possessed the ability to work "on a sustained competitive basis."

The medical evidence does not support Plaintiff's argument. Treatment notes from early 2011 indicate that when Plaintiff takes her prescribed medication her functional ability increases and she experiences "significant improvement" in her pain level. (Tr. 286-87). Plaintiff subsequently reported helping her husband clean out their garage as well as performing "a lot of yardwork." (Tr. 285, 428). The results of a contemporaneous physical examination were unremarkable with negative straight leg raising and no evidence of motor or sensory abnormality. (Tr. 428). The results of a June 26, 2012 examination were unremarkable and Plaintiff's fibromyalgia was characterized as "mild." (Tr. 517).

With respect to Plaintiff's left shoulder, a March 2011 MRI revealed "mild" impingement as well as "degeneration and partial thickness tear of the supraspinatus tendon." (Tr. 351). On June 16, 2011, Plaintiff underwent arthroscopic surgery to repair her left shoulder. (Tr. 354-55). Subsequent treatment notes indicate that Plaintiff was "doing well" with "very minimal, if any, pain." (Tr. 378). Subsequent treatment notes indicate that physical therapy was effective in furthering Plaintiff's recovery. (Tr. 443). When Plaintiff was discharged from therapy she reported her pain level as 0 and her shoulder strength and function was rated as 4-5 on a 1-5 scale. (Tr. 443).

As for Plaintiff's back and lower extremities, x-rays of Plaintiff's hips, taken April 7, 2011, revealed "very minimal narrowing of the right hip joint." (Tr. 330). Hip x-rays taken February 21, 2012, revealed "stable degenerative changes of both hips" and were "negative for acute abnormality." (Tr. 401). X-rays of Plaintiff's sacroiliac joints, taken July 9, 2012, were "negative." (Tr. 505). X-rays of Plaintiff's right foot, taken August 25, 2012, revealed the presence of a "small" spur, but were "negative for acute abnormality." (Tr. 504).

7

With respect to Plaintiff's upper extremities, x-rays of Plaintiff's right thumb, taken April 24, 2012, were "negative." (Tr. 506). Treatment notes dated May 3, 2012, indicate that Plaintiff's thumb symptoms were "best managed medically." (Tr. 520). A December 11, 2012, electrodiagnostic examination revealed "mild" carpal tunnel syndrome with "no concomitant peripheral neuropathy." (Tr. 524).

The results of an October 4, 2011 psychological examination were unremarkable. (Tr. 381-84). The examiner observed that Plaintiff "is able to understand, retain and follow simple instructions" and was likely "able to understand and follow through on more complicated instructions." (Tr. 384). The examiner further concluded that she discerned "no reason to restrict [Plaintiff] from performing simple, routine, repetitive tasks in a structured environment." (Tr. 384). Finally, the results of a January 16, 2012 treadmill stress test revealed that Plaintiff experienced "no chest pain and no ischemic electrocardiogram changes." (Tr. 408).

In sum, the medical evidence amply supports the ALJ's RFC determination. Moreover, none of Plaintiff's care providers have imposed upon Plaintiff functional limitations which are contrary to or inconsistent with the ALJ's RFC determination. The ALJ's RFC determination is supported by substantial evidence. Accordingly, this argument is rejected.


II.          **The ALJ Properly Considered Plaintiff's Impairments**

As noted above, the ALJ found that Plaintiff suffers from several severe impairments. Plaintiff argues, however, that she is entitled to relief because she suffers from several additional impairments which the ALJ improperly failed to identify as severe. The Court is not persuaded.

At step two of the sequential disability analysis articulated above, the ALJ must

determine whether the claimant suffers from a severe impairment. The Sixth Circuit has held that where the ALJ finds the presence of a severe impairment at step two and proceeds to continue through the remaining steps of the analysis, the alleged failure to identify as severe some other impairment constitutes harmless error so long as the ALJ considered the entire medical record in rendering his decision. *See Maziarz v. Sec'y of Health and Human Services*, 837 F.2d 240, 244 (6th Cir. 1987); *Kirkland v. Commissioner of Social Security*, 528 Fed. Appx. 425, 427 (6th Cir., May 22, 2013) ("so long as the ALJ considers all the individual's impairments, the failure to find additional severe impairments. . .does not constitute reversible error"); *Anthony v. Astrue*, 266 Fed. Appx. 451, 457 (6th Cir., Feb. 22, 2008) (same); *Fisk v. Astrue*, 253 Fed. Appx. 580, 583-84 (6th Cir., Nov. 9, 2007) (same).

Here, the ALJ determined that Plaintiff suffered from numerous severe impairments at step two of the sequential analysis and continued with the remaining steps thereof, considering in detail the medical evidence of record. As discussed above, the record does not support the argument that Plaintiff is limited to an extent beyond that recognized by the ALJ's RFC determination. Thus, even if it is assumed that the ALJ erred in failing to find that Plaintiff suffers from additional severe impairments, such does not call into question the substantiality of the evidence supporting the ALJ's decision. This argument is, therefore, rejected. *See Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (recognizing that the harmless error doctrine is intended to prevent reviewing courts from becoming "impregnable citadels of technicality"); *Heston v. Commissioner of Social Security*, 245 F.3d 528, 535-36 (6th Cir. 2001) (recognizing that remand to correct an error committed by the ALJ unnecessary where such error was harmless); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("no principle of administrative law or common sense

requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result"); *Berryhill v. Shalala*, 1993 WL 361792 at *7 (6th Cir., Sep. 16, 1993) ("the court will remand the case to the agency for further consideration only if 'the court is in substantial doubt whether the administrative agency would have made the same ultimate finding with the erroneous finding removed from the picture...'").

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.


Date:  June 23, 2015                                    /s/ Ellen S. Carmody_____
                                                         ELLEN S. CARMODY
                                                         United States Magistrate Judge